IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ultra PRO International, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 24-cv-04725 |
| | ) | |
| v. | ) | District Judge: Manish S. Shah |
| | ) | |
| BCW Diversified, Inc., | ) | Magistrate Judge: Gabriel A. Fuentes |
| | ) | |
| Defendant. | ) | |

## CONTESTED MOTION TO TRANSFER

Defendant BCW Diversified, Inc. ("BCW") states as follows for its Contested Motion to Transfer pursuant to 28 U.S.C. § 1404, which is opposed by Plaintiff:

The convenience of the parties and witnesses and the interests of justice will be best served by transferring this case to the Southern District of Indiana, Indianapolis Division ("S.D.Ind.I.D."). Plaintiff, a Delaware company with a principal place of business in California, has insubstantial contacts with the Northern District of Illinois, as does Defendant BCW, an Indiana corporation headquartered in Middletown, Indiana. (Complaint, Dkt 1 at ¶ 1-2).

The only hook for personal jurisdiction and venue alleged in the Complaint is that Defendant does business in Illinois. *Id.* at ¶ 5-6. However, Defendant does business in every state since it sells its products online. *See* Ex. 1 at ¶ 5, Declaration of Eric Brownell, President / CEO of BCW, and its website https://www.bcwsupplies.com/. Doing business in every state does not make every state an appropriate or convenient venue. This case should be transferred to the S.D.Ind.I.D. because, unlike the N.D. Ill., it has a substantial connection to the alleged events, and

1

it is a much more convenient venue for the parties and witnesses.

## Background

BCW manufactures and sells collectible accessories, supplies and related merchandise, including plastic sleeves used to protect collectible cards. (Ex. 1 at ¶ 10). BCW launched its website https://www.bcwsupplies.com in 1999. (Ex. 1 at ¶ 5). BCW sells its products in all 50 states and abroad through its website, https://www.bcwsupplies.com as well as on Amazon. *Id.* The products Plaintiff complains of were advertised by BCW on https://www.bcwsupplies.com and on Amazon nationally, and internationally. *Id.*

BCW has always maintained its business headquarters in Indiana, where it manufactures, inventories, and distributes its products. (Ex. 1 at ¶ 6). BCW is an Indiana corporation with its sole facility in Middletown, Indiana. (Complaint, Dkt 1 at ¶ 1-2); (Ex. 1 at ¶ 7-8) BCW has no offices or employees in Illinois. (Ex. 1 at ¶ 9).

Plaintiff Ultra PRO International, LLC ("Ultra Pro") is a Delaware limited liability company with its principal place of business located at 6049 Slauson Avenue, Commerce, California 90040. (Dkt 1, Complaint at ¶ 1). Ultra Pro is a manufacturer, wholesaler, and retail seller of protective card sleeves, binders, and holders for collectible trading cards and game cards. *Id.* Ultra Pro is a much larger company than BCW, has more resources than BCW does, and enjoys more than three times the sales volumes that BCW does. (Ex. 1 at ¶ 13-14).

Plaintiff's Complaint alleges trademark counterfeiting and trademark infringement, trademark dilution, unfair competition and false designation or origin arising under the Trademark Act, and state law claims for unlawful and deceptive acts and practices. (Complaint, Dkt 1 at ¶ 3). Counts 1-26 are federal claims, and counts 27-28 are state law claims. (Complaint, Dkt 1). The marks at issue are: (1) ULTRA PRO; (2) PRO-BINDER; (3) PENNY SLEEVES; (4) MINI SNAP;

(5) DECK VAULT; (6) CHROMAFUSION TECHNOLOGY; and (7) TOPLOADER. (Complaint, Dkt 1 at ¶ 8-22).

### The law governing transfer

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) authorizes the Court to transfer matters based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Therefore, the Seventh Circuit "grant[s] a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010). The Court may transfer a case under section 1404(a) when: (A) venue is proper in the transferor and transferee district; (B) the transfer will serve the convenience of the parties and witnesses; and (C) the transfer will serve the interests of justice. *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 929 (N.D. Ill. 2017), citing *Hanover Ins. Co. v. N. Bldg. Co.*, 891 F.Supp.2d 1019, 1025 (N.D. Ill. 2012). Each of these factors is addressed in turn.

### A. Venue is proper in the transferor and transferee districts

Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff has established venue in the N.D. Ill. "because [it] allege[s] that [it] suffered injury in this District as a result of Defendant['s] alleged trademark infringement [and] unfair competition." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 929 (N.D. Ill. 2017), *quoting Midas Int'l Corp. v. Chesley*, 2012 WL 1357708, at *2 (N.D. Ill. Apr. 19, 2012).

Venue would also be proper in the S.D.Ind.I.D. because it is a district "where [the action] might have been brought." 28 U.S.C. § 1404(a). Defendant resides in the S.D.Ind.I.D., meaning venue is proper in that district. See 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district in which any defendant resides").

Because venue is proper in both Districts, Movant has satisfied the first prong of the Court's transfer analysis.

### B. Transfer will serve the convenience of the parties and witnesses

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017), *citing Hanover Ins. Co. v. Northern Building Co.*, 891 F.Supp.2d 1019, 1025 (N.D. Ill. 2012). Movant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017). Considering the five factors together, the Court should find that BCW has met its burden with respect to this second prong of the transfer analysis.

#### 1. Plaintiff's Choice of Forum

Plaintiff's choice to sue here in the Northern District of Illinois should be given little weight by the Court. Although "plaintiff's choice of forum is generally given substantial weight," a plaintiff's choice of forum is entitled to less deference when "another forum bears a stronger relationship to the dispute or the plaintiff's choice of forum has no connection to the material events in question." *Aldridge v. Forest River, Inc.*, 436 F.Supp.2d 959, 960–61 (N.D. Ill. 2006), *citing Chi., Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Plaintiff's choice is

4

also given less weight when it is not Plaintiff's home forum. *See Braddock v. Jolie*, 2012 WL 2282219, at *3 (N.D. Ill. June 15, 2012) (giving less weight to plaintiff's choice of Illinois as a forum since plaintiff did not reside in Illinois and most of the material events did not occur there).

Here, Plaintiff is not a resident of this District, and few (if any) material events have occurred here, so the Court should give Plaintiff's choice of forum little weight. *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017), citing *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F.Supp.2d 871, 874 (N.D. Ill. 1999).

Plaintiff is a Delaware corporation with a principal place of business in California. Although Plaintiff alleges that relevant conduct took place in Illinois because allegedly infringing products were advertised here (*See* Complaint, Dkt 1 at ¶ 5 and exhibits thereto comprised of screen shots of BCW's website, Dkt 1-10 through 1-16), products advertised on BCW's website were equally available for sale in all other states. (Ex. 1 at ¶ 5). "Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017), citing *Anchor Wall*, 55 F.Supp.2d at 874; and *Bodum USA, Inc. v. Williams–Sonoma, Inc.*, 2016 WL 3125003, at *1 (N.D. Ill. June 3, 2016) (where the sole basis for Plaintiff's choice of Illinois forum in trademark infringement and unfair competition action was speculation that online sales were made to Illinois residents, Plaintiff's choice received less weight in transfer analysis); *Weber–Stephen Prods., LLC v. Char–Broil, LLC*, 2016 WL 5871505, at *4 (N.D. Ill. Oct. 5, 2016) (connection to district is weak where "the accused product is sold nationwide, so the alleged infringement is occurring in several fora across the country").

Plaintiff's choice of forum therefore doesn't weigh against transfer, or weighs minimally against transfer.

2. **Situs of material events**

This factor weighs heavily in favor of transfer to the S.D.Ind.I.D. Several courts in this district have identified the situs of material events in a trademark infringement suit as the location "where the allegedly infringing products are designed, manufactured and marketed." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 931 (N.D. Ill. 2017), citing *Restoration Hardware, Inc. v. Haynes Furniture Co. Inc.*, 2017 WL 2152438, at *3 (N.D. Ill. May 17, 2017), and *Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLC*, 240 F.Supp.3d 848, 852 (N.D. Ill. 2016) ("[T]he location of the infringer's place of business is often the critical and controlling consideration.") (*quoting Corp. Safe Specialists, Inc. v. Tidel Techs., Inc.*, 2005 WL 2124483, at *2 (N.D. Ill. July 28, 2005)).

Here, Defendant BCW is located in Middletown, which is in Henry County, Indiana, placing its squarely within the S.D.Ind.I.D. (Complaint, Dkt 1 at ¶ 2). *See also* https://www.insd.uscourts.gov/nodeblock/district-map. BCW designs, manufactures, and stores the allegedly infringing products in the S.D.Ind.I.D. (Ex. 1 at ¶ 6). Mr. Eric Brownell, President / CEO of BCW and Mr. Ted Litvan, Marketing Coordinator / Manager of BCW, who are key witnesses that possess relevant information about the development of the allegedly infringing products and marketing of same, both work in the S.D.Ind.I.D. (Ex. 1 at ¶ 15).

Records relevant to the development, marketing, and sale of the allegedly infringing products are also located in the S.D.Ind.I.D., as are witnesses who have information about the development, marketing and sale of the allegedly infringing products. (Ex. 1 at ¶ 15-19). No such information is located in Illinois. (Ex. 1 at ¶ 16-25).

The situs of material events factor therefore heavily favors transfer of this action to the S.D.Ind.I.D. *See Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 931 (N.D. Ill. 2017),

citing *Weber–Stephen v. Char-Broil*, 2016 WL 5871505, at *4 (N.D. Ill. 2016) (concluding that the situs of material events factor favored transfer to the state where defendants' activities regarding the design and development of the allegedly infringing product took place); *Event News Network, Inc. v. Thill*, 2005 WL 2978711, at *4–5 (N.D. Ill. Nov. 2, 2005) (situs of material events factor favored transfer of trademark infringement claims to the location of the alleged infringer's place of business); and *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F.Supp. 627, 630 (N.D. Ill. 1997) (situs of material events factor weighed in favor of transfer to California where alleged infringer was located in California and, while consumer confusion may have occurred in Illinois, it likely also occurred in California because defendant sold its products nationwide).

"The situs of material events factor becomes more important when it differs from plaintiff's choice of forum, as it does here." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 931 (N.D. Ill. 2017). Therefore, while plaintiff's choice of forum is either neutral or weighs slightly against transfer, the situs of material events in the S.D.Ind.I.D. weighs "much more heavily" in favor of transfer. *Id.*

### 3. The Relative Ease of Access to Sources of Proof

The third factor, relative ease of access to sources of proof, weighs in favor of transfer. This factor typically focuses on documentary evidence, as the convenience of witnesses is assessed separately. *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 931 (N.D. Ill. 2017), citing *Qurio Holdings, Inc. v. Comcast Cable Commc'ns, LLC*, 2015 WL 535981, at *2–3 (N.D. Ill. Feb. 9, 2015).

All records relating to BCW are located in the S.D.Ind.I.D. (Ex. 1 at ¶ 16-25). No such records are located in Illinois. *Id.* Nor is there reason to believe that Plaintiff's records are located in Illinois, since Plaintiff is based in California.

Admittedly, some relevant documents will be available electronically and could easily be transferred to this District. *See Sunrise Bidders, Inc. v. GoDaddy Grp., Inc.*, 2011 WL 1357516, at *2 (N.D. Ill. Apr. 11, 2011) (this factor does not favor or disfavor transfer where documents available electronically can be accessed anywhere).

Because trademark infringement suits "usually focus on the activities of the alleged infringer", however, and the alleged infringer in this case has no offices or employees in Illinois, this factor favors transfer to the S.D.Ind.I.D., where Defendant's documents are located. *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 931 (N.D. Ill. 2017). Moreover, when it comes to evidence of alleged consumer confusion, there is no suggestion that the amount of any such evidence is greater in Illinois than in Indiana.

The relative ease of access to proof factor therefore weighs in favor of transfer to the S.D.Ind.I.D.

### 4. The Convenience of the Witnesses

The fourth factor, the convenience of the witnesses, weighs heavily in favor of transfer. As the movant, Defendant must specify the key witnesses to be called and "make at least a generalized statement of what their testimony would include." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 932 (N.D. Ill. 2017), quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In assessing this factor, courts focus on the nature and quality of the proposed testimony and its relevance to the case. *Kjaer* at 932.

Defendant has identified Mr. Eric Brownell (President / CEO of BCW), Mr. Ted Litvan (Marketing Coordinator / Manager of BCW), and Kenneth O'Brien, Jr. (Director of Business Development with BCW since 2003), as key witnesses. (Ex. 1 at ¶ 15). They are located within the S.D.Ind.I.D. *Id.* Other BCW employee witnesses are located in that District, as are its record

custodians, and individuals likely to be disclosed as corporate representatives under Rule 30(b)(6). (Ex. 1 at ¶ 16-25). BCW has identified these witnesses as individuals who have information regarding the design, manufacture, marketing, distribution and sale of the allegedly infringing products. *Id.*

BCW also identifies third-party witnesses outside of BCW's control, and beyond this Court's subpoena power, who also possess potentially relevant information. These witnesses include BCW's banks, book keepers, and accountants, which are located within the S.D.Ind.I.D. (Ex. 1 at ¶ 21-22). They will have records related to various issues including damages.

Third-party witnesses also include BCW's marketing and web development partners, who can attest to whether any of the Plaintiff's goods, marketing materials or website(s) were ever provided to them by BCW for use when designing BCW's allegedly infringing content, to demonstrate that any alleged infringement that occurred was done without knowledge of Plaintiff's trademark ownership claims at issue. *Id.*

"[T]he presence of third party witnesses outside the subpoena power of this court is a factor which weighs heavily in favor of transferring." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 933 (N.D. Ill. 2017), quoting *Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 776 F.Supp. 1271, 1277 (N.D. Ill. 1991). The witnesses BCW has identified possess relevant information because they can testify regarding the development of the allegedly infringing products and the lack of knowledge on the part of Brownell (as President / CEO of BCW) and others as to Plaintiff's trademark ownership claims,

Courts in trademark infringement suits "generally focus on the activities of the alleged infringer, its employees, and its documents." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 933 (N.D. Ill. 2017) *H.B. Sherman v. Rain Bird*, 979 F.Supp. 627, 630 (N.D. Ill. 1997).

Defendant's intent and the development of the allegedly infringing products are relevant to a likelihood of confusion analysis, meaning the testimony of third-party witnesses speaking to that point will be important to the disposition of this case. *Kjaer* at 933, citing *Nat'l Fin. Partners Corp. v. Paycom Software, Inc.*, 2015 WL 3633987, at *3 (N.D. Ill. June 10, 2015) (to obtain relief under the Lanham Act and related state law, plaintiff must establish "(1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers"); *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 678 (7th Cir. 2001) ("[T]hree of the factors are likely to be particularly important [to a likelihood of confusion analysis]: the similarity of the marks, the defendant's intent, and actual confusion.").

Many of these third-party witnesses who can speak to intent are located in the S.D.Ind.I.D. which is beyond the subpoena power of this Court, meaning this factor weighs heavily in favor of transfer to the S.D.Ind.I.D. *Kjaer* at 933, citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (discussing the "subpoena range" of federal district courts in transfer analysis); *see also Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, 2000 WL 88847, at *4 (N.D. Ill. Jan. 20, 2000) (calling the convenience of witnesses "the most important factor in the transfer balance").

With respect to BCW's customers who may help prove or disprove allegations of alleged confusion, they are distributed throughout the country, which means the vast majority of them are also outside the scope of this Court's subpoena power. (Ex. 1 at ¶ 23). However, agents of the parties who received reports of alleged confusion (or who can attest to the *lack* of such reports) will be located at the parties' respective principal places of business in California and Indiana, not Illinois. (Ex. 1 at ¶ 24). BCW is not aware of any third-party witnesses who are located in Illinois, other than the identities of some purchasers of its products in Illinois. (Ex. 1 at ¶ 25).

To the extent there are witnesses located in California, Plaintiff's witnesses would have to travel and be equally inconvenienced whether this case proceeds in Illinois or Indiana. Because the third-party witnesses Defendant identifies are all located in the S.D.Ind.I.D., the convenience of the witnesses factor weighs heavily in favor of transfer.

### 5. The Convenience to the Parties of Litigating in the Respective Forums

Finally, the Court must consider the convenience to the parties. Regarding this factor, courts consider the residences and resources of the parties—in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F.Supp. 185, 188 (N.D. Ill. 1995).

This factor also weighs in favor of transfer. As noted above, Ultra Pro is a much larger company than BCW, has more resources than BCW does, and enjoys more than three times the sales volume compared with BCW. (Ex. 1 at ¶ 14). Plaintiff thus enjoys a much greater ability to bear the expense of an out of state trial-- indeed, its choice of venue shows its willingness and financial ability to litigate out of state, since it did not file suit in its home state.

Neither party resides in Illinois. Rather than being "equally convenient" to both parties and their witnesses, Illinois is really equally *inconvenient* to both parties. Plaintiff is located in California and would have to travel to press its case in Illinois. Defendant is located in the Southern District of Indiana and would have to travel to defend itself in the Northern District of Illinois.

While Indiana might also be inconvenient in some way for Plaintiff, Plaintiff has already chosen a forum to which it would have to travel for this suit. Changing venue to Indiana would not materially increase Plaintiff's cost of travel, and it would not create a cost for Plaintiff where none had previously existed. See *Braddock v. Jolie*, 2012 WL 2282219, at *4 (N.D. Ill. 2012) (convenience of the parties factor weighed in favor of transfer where "Plaintiff will obviously have

to travel to pursue this case regardless of whether it proceeds in Illinois or California").

Any slight increase in inconvenience to Plaintiff in transferring the case to Indiana from the Northern District of Illinois does not outweigh the inconvenience to Defendant in litigating the case in Northern Illinois. *See Von Holdt* v. Husky, 887 F.Supp. 185, at 189–90 (holding that this factor weighed heavily in favor of defendants, even though plaintiffs had filed in their home forum, because all of defendants' documents and witnesses were located elsewhere); *Oplus Techs., Ltd. v. Sears Holding Corp.*, 2012 WL 2280696, at *6 (N.D. Ill. June 15, 2012) ("Given that the alleged infringer's witnesses and potentially relevant documents are in California, and that [Plaintiff] has no discernable ties to Illinois, the convenience of the parties' factor weighs in favor of transferring the action to California"). *Cf. Lodge v. Mayline Co., LLC,* 2010 WL 4853642, at *10 (D.N.J. Nov. 19, 2010) (finding that, while Plaintiff might bear some financial burden from transferring case out of his home forum from New Jersey to Illinois, transfer was still warranted because refusing the transfer request would not relieve Plaintiff from that burden). The convenience of the parties factor weighs heavily in favor of transfer.

On balance, the five factors outlined above weigh in favor of the conclusion that the S.D.Ind.I.D. is clearly a more convenient forum than the Northern District of Illinois.

### C. Transfer will serve the interests of justice

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.*, 891 F.Supp.2d at 1025.

All of these factors are either neutral or weigh in favor of transfer. Regarding the speed at which the case will proceed to trial, cases in the Southern District of Indiana get to trial almost six

months faster than those in the Northern District of Illinois. For the twelve-month period ending December 31, 2023, the median time interval for civil cases to go from filing to trial was 56.9 months in the Northern District of Illinois and 51.4 months in the Southern District of Indiana. (Ex. 2 at 7, https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison1231.2023.pdf). This weighs in favor of transfer. *See Weber–Stephen v. Char-Broil*, 2016 WL 5871505, at *5 (N.D. Ill. 2016) (less congested docket and earlier trial prospects in transferee district favor transfer).

Both districts are equally familiar with the applicable law, making this a neutral factor. Plaintiff brings claims under the Lanham Act and Illinois law. Both the Northern District of Illinois and the S.D.Ind.I.D. are equally competent to hear Plaintiff's federal claims. *See Dean Foods Co. v. Eastman Chem. Co.*, 2000 WL 1557915, at *5 (N.D. Ill. Oct. 19, 2000). The S.D.Ind.I.D. is also competent to hear Plaintiff's state law claims, as "federal judges routinely apply the law of a State other than the State in which they sit." *Restoration Hardware v. Haynes*, 2017 WL 2152438, at *4 (N.D. Ill. 2017) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 134 S.Ct. 568, 584, 187 L.Ed.2d 487 (2013)).

Finally, the S.D.Ind.I.D. has a greater relationship to the controversy and therefore it is more desirable that the S.D.Ind.I.D. adjudicate the dispute. The acts of alleged infringement occurred there, where allegedly infringing products were designed and produced. While Plaintiff alleges that Illinois has a connection to this case because Defendant's alleged violations occurred here, Defendant's alleged violations also occurred everywhere its products are available—i.e., in every state, including both Illinois and Indiana. *See Weber–Stephen*, 2016 WL 5871505, at *5. Indiana is "closer to the action" since it has an "equal interest[ ] in redressing the alleged infringement" and defendants' activities are concentrated there. *Id.* Illinois has little relationship to the action in comparison. Therefore, this factor also favors transfer.

## Conclusion

The Court should transfer the case because transfer will maximize the convenience of the parties and witnesses and serve the interests of justice.

Counsel of record conferred with respect to suggested briefing of this motion. Subject to the Court's approval, counsel of record request that the Court require Plaintiff to file a Response brief within 28 days and require Defendant to file a Reply brief within 14 days thereafter.

WHEREFORE, Defendant BCW Diversified, Inc. respectfully requests an Order transferring this case to the Southern District of Indiana, Indianapolis Division.

**Local Rule 37.2 Certification**: After consultation between the parties' respective counsel, Marc Gravino, Joel Huotari and Kevin Keener, by telephone on August 12, 2024 and good faith attempts to resolve their differences, the parties were unable to reach an accord as to the relief sought herein.

Defendant BCW Diversified, Inc., by:

*/s/ Marc C. Gravino*
Marc C. Gravino
John J. Holevas
Joel M. Huotari
WilliamsMcCarthy, LLP
120 West State Street, Suite 400
Rockford, IL 61105-0219
Email: mgravino@wilmac.com
Email : Jholevas@wilmac.com
Email: jhuotari@wilmac.com
Phone: (815) 987-8900