IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ultra PRO International, LLC, | ) |
| Plaintiff, | ) Case No.: 24-cv-04725 |
| v. | ) District Judge: Manish S. Shah |
| BCW Diversified, Inc., | ) Magistrate Judge: Gabriel A. Fuentes |
| Defendant. | ) |

**DEFENDANT'S CONTESTED MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF MOTION TO TRANSFER**

Defendant BCW Diversified, Inc., moves for a stay of the proceedings pending the Court's decision on its Motion to Transfer Venue to the U.S. District Court for the Southern District of Indiana. A stay will serve the interests of justice and judicial economy without undue prejudice to the Plaintiff. Stays are often granted and are particularly appropriate where, as here, a pending motion raises a threshold issue.

### Argument

As the Court is aware, it has broad discretion and inherent authority to manage its docket, to stay discovery, and all other proceedings in this case. The authority of a federal court to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), cited by *Azar v. Merck & Co.*, No. 3:06CV0579 AS, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006).

Because Defendant's Motion to Transfer raises a threshold issue, "the proper course of action is to request that the district court enter a stay of discovery until all jurisdictional issues are decided." *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990). A stay on the proceedings is appropriate in this case and serves the interests of the parties and the Court while the question of proper venue is pending.

It is not uncommon for courts to grant stays on proceedings when threshold issues are raised. See *Tamburo v. Dworkin*, 2010 WL 4867346, *1 (ND Ill 2010) (explaining that a discovery stay is appropriate when a party raises a potentially dispositive threshold issue such as standing or qualified immunity); *DSM Desotech Inc*, 2008 WL 4812440, *2 (providing that discovery stays are deemed appropriate where the motion to dismiss can resolve a threshold issue like jurisdiction, standing, or qualified immunity); *EEOC v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, *2 (ND Ind 2012) (explaining that a discovery stay is appropriate in a case where a pending motion to dismiss, among other things, "raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing"), collecting cases *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13-1054, 2014 WL 1797674, at *2 (C.D. Ill. May 6, 2014). *See also, Alexander v. Take-Two Interactive Software, Inc.,* No. 3:18-CV-966-SMY-MAB, 2019 WL 2176321, at *2 (S.D. Ill. May 20, 2019) (explaining courts routinely recognize, a stay of discovery is warranted until threshold jurisdiction issues are decided). While a motion seeking a transfer of venue is not dispositive, it does present the court with a threshold issue that warrants the consideration of the parties' interests, the interests of the judicial system, and the overarching interests of justice.

When deciding whether to grant a stay, courts balance the competing interests of the parties and the interest of the judicial system. Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the

2

non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D.Ill. Mar. 3, 2004) cited by *Markel Am. Ins. Co. v. Dolan,* 787 F. Supp. 2d 776, 779(N.D. Ill. 2011). Two of the three factors are relevant to this case and favor granting a short stay while the motion to transfer is pending.

### A. The Plaintiff will not be unduly prejudiced or tactically disadvantaged if the Court grants a stay on the proceedings.

Illinois has a very limited factual nexus with this case. Plaintiff chose to bring its claims in Illinois even though neither party is a resident of Illinois, neither party has a principal place of business in Illinois, and neither party has substantial contacts in the Northern District of Illinois[1] A delay in these proceedings at this stage will not disrupt the trial schedule since there is no scheduling order in place and discovery has not commenced. In addition, neither party has currently moved for interim injunctive relief.

Defendant has filed its motion to transfer at the earliest juncture, which can increase the effectiveness of a stay mechanism for conserving resources and promoting the interests of justice. "Generally, a motion to transfer should be made early in the proceeding, as familiarity with both the procedural and substantive aspects of the case is lost with a transfer to another court." *Hirst v. SkyWest, Inc.*, 405 F. Supp. 3d 771, 779 (N.D. Ill. 2019) (internal citation omitted). If the Court finds that it should transfer venue, it will be based on evidence that the interests of the parties, witnesses, and judicial system will be best served in the Southern District of Indiana. Considering the nature of the interests being weighed, the rationale behind granting a stay while jurisdictional

---

[1] "The only hook for personal jurisdiction and venue alleged in the Complaint is that Defendant does business in Illinois." Defendant's Motion to Transfer, p. 1, par. 3.


issues are resolved becomes self-evident. Further, if a stay is not in place, there is a risk that procedural and substantive aspects of the case will be lost. This, of course, can be avoided here since a stay is an effective mechanism to promote the interests of justice while ensuring the parties are in the district where they can be best served from the onset.

Although the Court must avoid facilitating undue delay, a short stay is appropriate to balance the interests at issue here. *Cf. Cunningham v. Posnet Servs., LLC* (finding that a short stay would conserve judicial resources without undue prejudice to the plaintiff despite the plaintiff's arguments of undue delay). *Id.* No. 4:05-CV-4191-JLF, 2005 WL 3434067, at *1 (S.D. Ill. Dec. 12, 2005). In like manner, any delay that ensues while Defendant's Motion to Transfer is pending will be relatively short and will not place Plaintiff at a tactical disadvantage or rise to the level of undue prejudice.

**B.      A stay will reduce the burden of litigation on the parties and on the court.**

Defendant's Motion to Transfer explains in detail why litigation in this district will increase the burden and cost of the litigation since most of the witnesses and evidence are located in the Southern District of Indiana.[2] A stay would ensure that the parties are afforded an opportunity to develop the most efficient discovery strategy and reduce time and expense for both parties. "A stay of discovery may also be appropriate in order to resolve certain threshold or jurisdictional issues before expensive discovery ensues." *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir. 1990). Beyond the benefit to the parties, granting a stay will also conserve the Court's resources by avoiding unnecessary involvement with discovery orders and motion practice until the question of venue is resolved.

For example, Plaintiff's claim under the Illinois Uniform Deceptive Trade Practices Act is

---

[2] Factors favoring transfer include, the situs of material facts, access to sources of proof, convenience of witnesses and parties. See also, Def's Motion to Transfer, Ex. 1 Declaration of Eric Brownell.

4

vulnerable to a motion to dismiss for failure to state a claim due to absence of the required factual nexus with Illinois. *Cf. BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 856 (N.D. Ill. 2021). (finding Plaintiffs' claims under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510, et seq.) ("IUDTPA") "fail because Plaintiffs have not pleaded any of the unfair acts took place *primarily and substantially* in Illinois." (emphasis added). Plaintiff's claim of dilution under the Illinois Trademark Registration and Protection Act suffers from similar flaws. *See Manley v. Boat/U.S., Inc.*, 75 F. Supp. 3d 848, 856 (N.D. Ill. 2014) (finding Illinois dilution claim unavailable "where the parties are competitors").

Therefore, a stay of the proceedings will allow the parties to avoid unnecessary motion practice and increased expense arising from Illinois statutory claims that may fall away or be replead as Indiana state law claims if the case is transferred.

Overall, this case implicates the particular concerns that underpin orders to stay early in the proceedings where threshold issues exist, and the interests of justice are served.

**C.      Alternatively, a stay of the responsive pleading deadline is requested under Rule 6.**

If the Court determines that a stay of the entire case is not warranted, Defendant requests a stay of the deadline for the responsive pleading, which will allow Rule 26(a) disclosures to proceed without delay. "Rule 6 provides that a court may extend the time period for filing specified in federal rules, local rules, court orders or statutes for good cause. Fed.R.Civ.P. 6(a-b). The rule grants district courts broad discretion to expand filing deadlines. Thus, the defendants' request for an extension to file an answer falls within this court's discretion."[3] *White v. Marshall*, No. 07-CV-

---

[3] Extending Time.(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. Fed. R. Civ. P. 6

5

892, 2009 WL 230096, at *2 (E.D. Wis. Jan. 30, 2009) quoting, *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir.1995).

In this case, Defendant is making the request prior to the expiration of its time to answer the complaint, and the judicial efficiency gained by resolving the question of transfer of venue constitutes "good cause" for granting an extension, particularly where there is a likelihood that the Complaint will be amended if the case is transferred to Indiana by dropping the Illinois state law claims and/or repleading them into Indiana state law claims. The stay will promote efficiency.

### Conclusion

A stay of the proceedings is appropriate in this case because it will allow the parties and the court to reduce the burden of litigation and conserve valuable resources without any undue prejudice to the Plaintiff. Alternatively, a stay of the responsive pleading deadline is appropriate until the motion to transfer is ruled upon and/or the case is transferred to Indiana. In that case, the parties can still proceed with Rule 26(a) disclosures and thereby avoid any unnecessary delay.

Counsel of record conferred with respect to suggested briefing of this motion. Subject to the Court's approval, counsel of record request that the Court require Plaintiff to file a Response brief within 28 days and require Defendant to file a Reply brief within 14 days thereafter.

WHEREFORE, Defendant BCW Diversified, Inc. respectfully requests an Order granting a stay of this case pending a ruling on the motion to transfer. In the alternative, Defendant respectfully requests a stay of the responsive pleading deadline until the motion to transfer is ruled upon and/or the case is transferred to Indiana.

**Local Rule 37.2 Certification**: After consultation between the parties' respective counsel, Marc Gravino, Joel Huotari and Kevin Keener, by telephone on August 12, 2024 and good faith attempts to resolve their differences, the parties were unable to reach an accord as to the relief sought herein.

                Defendant BCW Diversified, Inc., by:

                */s/ Marc C. Gravino*
                Marc C. Gravino
                John J. Holevas
                Joel M. Huotari
                WilliamsMcCarthy, LLP
                120 West State Street, Suite 400
                Rockford, IL 61105-0219
                Email: mgravino@wilmac.com
                Email : Jholevas@wilmac.com
                Email: jhuotari@wilmac.com
                Phone: (815) 987-8900