**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ultra PRO International, LLC, | ) | |
| Plaintiff, | ) | Case No.: 24-cv-04725 |
| | ) | |
| v. | ) | Judge: Hon. Manish S. Shah |
| | ) | |
| BCW Diversified, Inc. | ) | Magistrate: Hon. Gabriel A. Fuentes |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

**JOINT INITIAL STATUS REPORT**

Ultra Pro International, LLC ("Plaintiff") and BCW Diversified, Inc. ("Defendant") hereby submit this joint initial status report in response to the Court order dated June 24, 2024 [Dkt. No. 12].

1. **The Nature of the Case:** The Complaint alleges trademark counterfeiting and trademark infringement, trademark dilution, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

    a. **Identify the attorneys of record for each party, including the lead trial attorney.**

1

Kevin John Keener- Lead Attorney
Rishi Nair
Amanda Westfall
Keener and Associates, P.C.
161 N Clark St
Suite 1600
Chicago, IL 60601
(312) 523-2164
Attorneys for Plaintiff

Marc Charles Gravino- Lead Attorney
John James Holevas
Joel M. L. Huotari
Williams McCarthy LLP
120 W. State Street
PO Box 219
Rockford, IL 61105-0219
(815) 987-8900
Attorneys for Defendant

b. **State the basis for federal jurisdiction.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121 as this case is an action for trademark infringement.

c. **Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff has asserted claims of trademark infringement, counterfeiting, trademark dilution, false advertising, and related state law claims for the following trademarks:

- U.S. Registration No. 1,687,833 for the mark ULTRA PRO
- U.S. Registration No. 1,857,678 for the mark ULTRA PRO
- U.S. Registration No. 4,691,748 for the mark ULTRA PRO
- U.S. Registration No. 7,395,393 for the mark PRO-BINDER
- U.S. Registration No. 6,615,503 for the mark PENNY SLEEVES
- U.S. Registration No. 6,615,452 for the mark MINI SNAP
- U.S. Registration No. 6,615,452 for the mark DECK VAULT

2

- U.S. Registration No. 7,003,716 for the mark CHROMAFUSION TECHNOLOGY
- U.S. Registration No. 6,976,683 for the mark TOPLOADER

There are no counterclaims asserted at this time. Defendant anticipates filing a number of affirmative defenses including laches, genericness (non-distinctiveness) of some of the marks at issue, unclean hands, estoppel, the fact that third parties have used similar marks for similar goods such that the mark is weak and entitled to a narrow scope of protection (if any), functionality, fraud, and absence of a likelihood of confusion.

Defendant also anticipates filing a Counterclaim seeking cancellation of a number of Plaintiff's marks under 15 USC § 1064 based on the affirmative defenses plead, and based upon the fact that the trademarks are generic and have been used in the industry long before Plaintiff sought to trademark them, such that the Plaintiff's marks should be cancelled, thereby preventing it from monopolizing these generic terms.

    **d. State the major legal and factual issues anticipated in the case.**

The major legal issues anticipated are the validity of Plaintiff's trademarks asserted in this case, ownership/chain of title to the marks, whether the marks should be cancelled as the forthcoming counterclaim requests, liability and damages. The major factual issues anticipated are whether Defendant used confusingly similar marks in commerce to Plaintiff's asserted trademarks, the historic use of the marks in the industry which predated Plaintiff's trademark applications, and what the registrants knew about that longstanding prior use at the time of their trademark applications. .

    **e. Describe the relief sought by the plaintiff.**

3

Plaintiff is seeking an award of damages, restitution, statutory damages, attorneys' fees, and costs. Plaintiff is also seeking injunctive relief prohibiting Defendant from using any confusingly similar trademark in commerce.

2. **Pending Motions and Case Plan**

   a. **Identify all pending motions**

Defendant has filed a motion to transfer venue of the case to the Southern District of Indiana [Dkt. No. 18] and a motion to stay the proceeding pending resolution of the motion to transfer [Dkt. No. 19]. They are noticed for presentment on August 29 at 9:45 am before Judge Shah. The parties propose entry of a briefing schedule on the motions as follows:

   i. Motion to Stay:
      1. Response 28 days from August 29, 2024
      2. Reply 14 days thereafter
   ii. Motion to Transfer:
      1. Response 28days from August 29, 2024
      2. Reply 14 thereafter

Plaintiff has filed a separate "Schedule A" trademark suit against 133 customers who purchased various types of top loader products from Defendant, *Ultra Pro v. Defendants Identified in Schedule A*, 24 C 7259 (Hon. J. LaShonda Hunt, N.D. Ill.). Defendant is contemplating a motion to consolidate or join that case with this one, as the nature of the claims are largely identical and the defendant(s) may be prejudiced by inconsistent results if either case is allowed to progress ahead of the other, without all interested parties participating in both cases.

   b. **Submit a proposal for a discovery plan**

Given the pending motion to transfer and stay the proceeding, the parties have not yet engaged in their initial discovery conference pursuant to Rule 26(f). The parties are prepared to engage in the initial conference and submit a proposed discovery plan if the Court so directs them. However, the nature of the discovery that will be needed is as follows:

    i. **The general type of discovery needed;**

1. Fact discovery (Depositions and written) is needed to explore:
   a. Plaintiff's ownership of the marks and chain of title to said marks;
   b. Use of the subject marks prior to Plaintiff's trademark applications and Plaintiff's knowledge of said use;
   c. Defendants use of the subject marks;
   d. Consumer confusion caused by the use of the accused marks;
   e. Sales;
2. Expert discovery is likely needed to address:
   a. Damages
   b. Consumer confusion
   c. Distinctiveness of the marks

3. **Consent to Proceed Before a Magistrate Judge**
   a. **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.**

The parties do not unanimously consent to proceed before the magistrate judge.

4. **Status of Settlement Discussions**

5

a. **Indicate whether any settlement discussions have occurred;**

   i. Presuit settlement discussions have occurred concerning a possible coexistence and/or licensing agreement.

   ii. Those negotiations have failed to result in a settlement and have been suspended.

   iii. The parties will likely request a settlement conference once the parties get a better understanding of the claims and defenses and have substantially completed fact discovery.

b. **Describe the status of any settlement discussions; and**

There currently are no ongoing settlement discussions between the parties.

c. **Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time but will request one if the parties deem it likely to lead to a resolution.

Respectfully Submitted,

Dated: August 26, 2024                By: _____/s/  Kevin Keener_____
                                           Kevin J. Keener
                                           ARDC # 6296898
                                           Keener & Associates, P.C.
                                           161 N. Clark Street, Suite #1600
                                           Chicago, IL 60601
                                           (312) 375-1573
                                           kevin.keener@keenerlegal.com
                                           Attorney for Plaintiff

                                      By: _____/s/ Marc Gravino_____
                                           Marc C. Gravino
                                           Williams Mcarthy, LLP
                                           120 West State Street, Suite 400
                                           Rockford, IL 61105-0219
                                           (815) 987-8900
                                           mgravino@wilmac.com

6

                                                          Attorney for Defendant